IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-77,978-06






EX PARTE JIMMY DEWAYNE HILL, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. W09-53582-W(B) IN THE 363rd DISTRICT COURT


FROM DALLAS COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated
robbery and sentenced to fourteen years' imprisonment. He did not appeal his conviction.

 Applicant contends, inter alia, that his trial counsel rendered ineffective assistance because
she gave him erroneous advice regarding the applicable punishment range in order to induce him to
plead true at his deferred adjudication revocation hearing. The trial court has not entered any
findings of fact or conclusions of law addressing the merit of Applicant's allegation of ineffective
assistance of counsel. However, the State responds:

 Assuming counsel said what applicant contends she did, she likely saw the original
plea papers and deferred adjudication order without benefit of the State's Motion to
Strike Words or Paragraphs of the Indictment. The record is not clear as to what
occurred at the revocation proceedings. Further evidence regarding Ms. Earle's
representation is needed. Thus, the State requests that this Court issue an order
designating issues and requiring the gathering of evidence, as is customary, by way
of affidavit from defense counsel or hearing as the Court may deem necessary.


 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 668 (1984); Ex parte Patterson, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall order trial counsel to respond to Applicant's claim of ineffective assistance of counsel. The
trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d).

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. 
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact and conclusions of law as to whether the
performance of Applicant's trial counsel was deficient and, if so, whether counsel's deficient
performance prejudiced Applicant. The trial court shall also make any other findings of fact and
conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for
habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall
be obtained from this Court. 


Filed: February 26, 2014

Do not publish